UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO


| | | |
|---|---|---|
| REGINALD HUNTER, | ) | CASE NO. 1:11 CV 2065 |
| | ) | |
| Plaintiff, | ) | JUDGE JAMES S. GWIN |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| DEPARTMENT OF VETERANS AFFAIRS, *et al.*, | ) ) | |
| | ) | |
| Defendants. | ) | |

*Pro se* Plaintiff Reginald Hunter filed the above-captioned *in forma pauperis* Complaint against the Department of Veterans Affairs ("the VA"), Cynthia King, Charles Columbus, and David Sable.[1] Mr. Hunter alleges the VA discriminated against him based on color, race, disability and in reprisal for prior Equal Employment Opportunity Commission (E.E.O.C.) claims he filed. He seeks to enjoin any further discrimination and "to be made whole."

*Background*

The one page Complaint is devoid of facts chronicling events leading to this lawsuit.

---

[1] Mr. Hunter does not identify in what position or by whom the named Defendants are employed.

Instead, Mr. Hunter recites a series of statements regarding his dissatisfaction with the E.E.O.C. and the VA's alleged practice of exclusively hiring Caucasian employees. He describes himself as a disabled veteran.

Mr. Hunter states he cannot win a case when the E.E.O.C. just "kicks another out."(Compl. at 1.) He questions how another candidate for employment can be more qualified than he is, when he does not need to be trained. He complains that while his "score" is the lowest, he believes it was changed by Charles Columbus. Finally, he asserts he had to fight for his job and that "it has been a witch hunt ever since." *Id.* The VA has allegedly blocked him from pursuing employment "out of town." *Id*.

Attached to the Complaint is a Final Agency Decision ("the Decision") from the VA's Office of Employment Discrimination Complaint Adjudication, dated September 15, 2011. The Decision advises all interested parties that Mr. Hunter has the right, in part, to file a civil action within 90 days of his receipt of the Decision. The Decision does not, however, contain any relevant facts related to Mr. Hunter's Complaint.

*Standard of Review*

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss any claim under 28 U.S.C. §1915(e) if it fails to state a basis upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to 28 U.S.C. §1915(e).

*Title VII*

At the pleading stage, plaintiffs are not required to allege facts to support a *prima facie* case of discrimination. *See Swierkiewicz v. Sorema*, 534 U.S. 506 (2002)(employment discrimination complaint need not contain specific facts establishing a prima facie case under the *McDonnell Douglas [ v. Green*, 411 U.S. 792 (1973)] framework). This standard does not, however, eliminate the basic tenets of notice pleading.

Title VII of the Civil Rights Act makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). Mr. Hunter does not explain how the Defendants discriminated against him based on his color or race. Instead, he makes conclusory statements that only Caucasian employees are hired by the VA.

Rule 8 of the Federal Rules of Civil Procedure requires, in relevant part:

> (1) a short and plain statement of the grounds upon which the court's jurisdiction depends. . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for judgment for the relief the pleader seeks. Relief in the alternative or of several different types may be demanded.

FED. R. CIV. P. 8(a). The Supreme Court explained that the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)(citing *Papasan v. Allain*, 478 U.S. 265, 286(1986)). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*,

550 U.S., at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.*, at 557.

Even under the liberal notice pleading requirements of Rule 8 and the liberal perspective in which *pro se* complaints are generally viewed, Mr. Hunter's Complaint does not contain even the minimum requirements of a "short and plain statement" of a claim showing entitlement to Title VII or disability discrimination relief. *See* FED. CIV. R. P. 8(a). At a minimum, he needs to set out what position(s) he applied for, when he applied, who decided not to employ him, how he was qualified for the position; how the person who received the position was generally less qualified; whether any statements were made suggesting a discriminatory motivation; and any circumstances suggesting the failure to hire him was retaliatory. He thus fails to state a claim of discrimination based on race or color.

*Rehabilitation Act*

Mr. Hunter's disability and reprisal discrimination claims similarly lack merit. The Rehabilitation Act of 1973 prohibits discrimination and retaliation in employment against disabled persons by federal agencies. *See* 29 U.S.C. §§ 791, 794 (1994); *Smith v. United States Postal Serv.*, 742 F.2d 257, 259 (6th Cir.1984). Under Title V, section 504 of the Act, federal agencies are prohibited from discriminating against the handicapped. This section of the Act declares Congress' intention that

> [n]o otherwise qualified handicapped individual ... shall, solely by reason of his handicap, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance or under any program or activity conducted by any Executive agency or by the United States Postal Service.

4

29 U.S.C. § 794(a)(2002). While Mr. Hunter does not have to establish a *prima facie* case at this stage, he does need to state a claim for relief. Other than describing himself as a disabled veteran seeking a job from a federal agency, he alleges no facts stating a claim of disability or reprisal discrimination. He does not allege, for example, whether he is otherwise qualified to perform the duties of his job or was excluded because of his handicap. *See Maddox v. University of Tenn.*, 62 F.3d 843, 846 (6th Cir.1995)(elements of prima facie case) (citing *Doherty v. Southern College of Optometry*, 862 F.2d 570, 573 (6th Cir.1988), *cert. denied*, 493 U.S. 810 (1989)). He has thus failed to state discrimination claim under the Rehabilitation Act.

Because the Rehabilitation Act explicitly incorporates the standards of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12111 *et seq.*, *see* 29 U.S.C. § 794(a), courts have recognized a cause of action for retaliation, which prohibits an employer from taking any adverse action against "any individual because such individual has opposed any act or practice made unlawful by this Act...." *Hiler v. Brown*, 177 F.3d 542, 545 (6th Cir. 1999).

The Sixth Circuit has observed that a plaintiff may "easily" makes out a *prima facie* case of retaliation. *McClain v. NorthWest Cmty. Corr. Ctr. Judicial Corr. Bd.*, 440 F.3d 320, 335 (6th Cir.2006) (citation omitted). In *McClain*, however, the employer conceded three of the four criteria for a *prima facie* case of reprisal discrimination.[2] Quoting *Abbott v. Crown Motor Co.*, 348 F.3d 537, 542 (6th Cir. 2003), the *McClain* court noted that even without strong evidence of a causal

---

[2]To assert a *prima facie* case of unlawful retaliation, a plaintiff "must demonstrate by a preponderance of the evidence that:1) he engaged in activity that Title VII protects; 2) defendant knew that he engaged in this protected activity; 3) the defendant subsequently took an employment action adverse to the plaintiff; and 4) a causal connection between the protected activity and the adverse employment action exists." *Abbott v. Crown Motor Co.*, 348 F.3d 537, 542 (6th Cir.2003).

connection between the protected activity and an adverse employment action, it is enough that the complaint contains these allegations. *See McClain*, 440 F.3d at 335 ("burden of establishing a *prima facie* case in a retaliation action is not onerous")(citation omitted). Here, Mr. Hunter does not allege any adverse employment action or any date on which he engaged in a protected activity of which the VA was aware. He simply alleges is that he filed "prior EEO" actions. This single, conclusory statement does not state a claim of reprisal discrimination under the Rehabilitation Act.

*Conclusion*

Based on the foregoing, Mr. Hunter's Motion to Proceed *in forma pauperis* is granted and the Complaint is dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies pursuant to 28 U.S.C. §1915(a)(3) that an appeal from this decision could not be taken in good faith.[3]

IT IS SO ORDERED.


Dated: October 21, 2011              *s/       James S. Gwin*
                                     JAMES S. GWIN
                                     UNITED STATES DISTRICT JUDGE

---

[3] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.